**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3080
_____

YOEL GRUEN,
                                    Appellant

v.

AHUVA GRUEN;
CIPORA WINTERS, Esq.;
JUDGE LISA PUGLISI, J.S.C.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-21-cv-17224)
District Judge:  Honorable Georgette Castner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 6, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: August 8, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Yoel Gruen alleged in his amended complaint that Defendants New Jersey Superior Court Judge Lisa Puglisi, Gruen's ex-wife Ahuva Gruen, and her attorney Cipora Winters "conspired together to deny [him] due process by having court with [him] not being notified, [and] took everything [from him]." He further alleged that the Defendants, along with other unnamed individuals, "conspired together to use trickery tactics in the court system to deprive men of Custody, Livelihood and having them falsely arrested . . . [and] to deny men of due process." He also alleged that Judge Puglisi "knowingly made a judgment against [him] while [he] was hospitalized, being unable to attend," and that the judgment gave "all that [he] owned" to his ex-wife. Along with his amended complaint, Gruen filed an application to proceed in forma pauperis ("IFP"). The District Court granted Gruen's IFP's application and dismissed his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This appeal followed.

As discussed herein, to the extent that we have subject matter jurisdiction, we exercise it pursuant to 28 U.S.C. § 1291. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 n.3 (3d. Cir. 2010). We exercise plenary review over a district court's dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We may affirm the district court on any ground supported by the record." Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court dismissed Gruen's claims after citing to the Rooker-Feldman doctrine, which prevents parties from "complaining of injuries caused by state-court judgments[,] rendered before the district court proceedings commenced[,] and inviting

2

district court review and rejection of those judgments." Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 458 (3d Cir. 2019) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). A finding of Rooker-Feldman applicability divests the District Court of subject matter jurisdiction over the claims to which the doctrine applies. See Great W. Mining & Min. Co., 615 F.3d at 165.

The District Court determined that: (1) Gruen's alleged injuries arose out of a state court judgment as he was asking for the Court to return assets and/or property seized as a result of the judgment and (2) Gruen was asking the District Court to review and reject the judgment. The District Court then concluded that the Rooker-Feldman doctrine applied to Gruen's case, and that it therefore lacked subject matter jurisdiction. It further concluded that, even were this not so, the Eleventh Amendment barred claims against Judge Puglisi in her official capacity. For these reasons, the District Court dismissed Gruen's complaint with prejudice.

In his brief, Gruen does not present any new legal arguments, and instead merely labels the District Court's conclusions as "pure treason." He also contends that he "is entitled to this appeal due to the fact that the Superior Court of Ocean County as [sic] a policy of denying men due process of law and favor woman [sic] over men in divorce proceedings."

Upon review, we concur with the District Court's conclusion regarding Judge Puglisi's immunity under the Eleventh Amendment. See Maliandi v. Montclair State Univ., 845 F.3d 77, 83 (3d Cir. 2016). As to the claims through which Gruen asked the District Court to review and reject the state court judgment against him, the Rooker-

3

Feldman doctrine divested the District Court of jurisdiction. See Great W. Mining & Min. Co., 615 F.3d at 165. However, Gruen's conspiracy, fraud, denial of equal protection, and denial of due process claims are independent of the state court judgment and therefore lie outside of the purview of the Rooker-Feldman doctrine. Id. at 167–68, 172–73.

Reviewing these claims, we find that Gruen failed to present sufficient factual matter to support them and therefore did not meet the requisite standard of plausibility. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Since Gruen only provided bare assertions and conclusory statements to support his claims, dismissal was warranted. See Twombly, 550 U.S. at 555–56. For the same reason, allowing for yet another amendment would be futile. See Great W. Mining & Min. Co., 615 F.3d at 175.

Accordingly, we will affirm the judgment of the District Court. We also deny Gruen's motion for default judgment.